## ABEE v. COVINGTON.  (No. 6597.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 12, 1921. Rehearing Denied Dec. 14, 1921.)

1. **Brokers** ⚌32—**Broker employed by owner cannot become buyer's agent to obtain lower price.**

A broker, employed by the owner of land to sell it for a stipulated sum and commission, could not, without the knowledge and consent of the owner, become the agent of a prospective buyer, and work to obtain a lower price from the seller.

2. **Brokers** ⚌74—**Buyer's agreement to pay broker employed by owner of land held without consideration.**

An agreement by a buyer of land with a broker employed by the owner to pay the broker's commission, where he performed no services for the buyer, was without consideration.

3. **Brokers** ⚌74—**Buyer's agreement with owner to pay commission held without consideration.**

An alleged agreement by a buyer of land with the owner, made after the execution of a written contract of sale, and unknown to the broker, that the buyer would pay a commission to the broker, did not enter into and become a part of the consideration for the land, and was without consideration, and in conflict with the contract of sale which did not bind the buyer to pay a commission.

4. **Frauds, statute of** ⚌18(1)—**Oral agreement by buyer with owner of land to pay latter's broker his commissions not binding.**

An oral agreement by the buyer of land with the owner to pay his broker his commissions, made after the execution of the written contract of sale and in contradiction of such contract which did bind the buyer to pay a commission, was an agreement to pay a debt of the owner for which the buyer could not orally bind himself.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by W. C. Covington against Herman Laux and C. C. Abee. From judgment that plaintiff recover against defendants, and that defendant Laux recover over against defendant Abee, defendant Abee appeals. Reversed and rendered.

Nelson Lytle, of San Antonio, for appellant.

Dilworth & Marshall and Norton & Brown, all of San Antonio, for appellee.

FLY, C. J. This is a suit for $227.50, instituted by appellee against Herman Laux and C. C. Abee, which was alleged to be due as a commission on certain real estate in San Antonio, which was sold by Laux to Abee. The cause was submitted to a jury on special issues, by the answers to which the jury found that the property sold for $4,500, that Laux agreed to pay appellee a commission of 5 per cent. on said sum, and that Abee agreed, as a part of the consideration for the land, to pay the commission. On the answers judgment was rendered in favor of appellee for $227.50 as against Laux and Abee, and that Laux recover over against Abee for that sum. This appeal is perfected by Abee alone.

Appellee testified that he was employed by Laux to sell his property, fixing its value at $5,500, and agreeing to pay appellee a commission of 5 per cent. on that amount, if a sale was perfected. In response to an advertisement by appellee, Abee came to his office and said he had concluded to offer $4,800 for the land. In arriving at this sum it was estimated that Abee would pay a certain debt on the property amounting to $4,060, taxes $258.82, an additional $250 cash for Laux and $250 for commissions. The whole amounted to $4,818, which Abee said he would pay. A written contract to this effect was drawn up by appellee, but never signed by appellant but the latter went to see Laux, and bought the property for $4,330. That is all that ever passed between appellant and appellee. Appellee states the grounds on which he places the liability of appellant and Laux as follows:

"I claim that defendant Laux owes me this amount because he listed this property with me and agreed to pay me the customary 5 per cent. commission, and I claim that defendant Abee owes me this amount because in figuring the price of the lot my commission of $250 was included in the figures made by him, and he accepted those figures and said that he would take the property from Mr. Laux at that price."

Appellant swore that he refused to sign a written contract presented by appellee embodying the terms testified to by him.

[1, 2] According to the testimony of appellee he had been employed by Laux to sell his land for $5,500, and, instead of that, he endeavored to make himself the agent of another, and to obtain for him a purchase of the land for another and lower price. Appellee was the agent of Laux, and could not, without the knowledge and consent of Laux, become the agent of Abee, and work to obtain a lower price from the seller. There was no consideration whatever for any promise made by appellant to appellee to pay the commission. Appellee gave no service whatever to appellant in connection with the land.

[3] Laux swore that after the contract of sale of the land had been signed by the parties and they were engaged in executing the terms of the contract, without any reason or consideration, Abee agreed to pay appellee a commission. This was not known by appellee. The agreement to pay such commission was not only without any conceivable consideration, but was in conflict with the terms of the written contract of sale.

[4] Appellee could not have known what Abee told Laux as to the commission, for the simple reason that he was not present, and that conversation took place after the trade was made between Abee and Laux, and had been embodied in a written contract and duly executed by the parties. It did not bind Abee to pay any commissions. Appellant did not promise Laux when he bought the property that he would pay commissions, but if he ever made any such promise to Laux, it was after the contract of sale had been executed. It did not enter into and become a part of the consideration of the land, and was a debt of Laux for which appellant could not orally bind himself. There was no service performed for appellant by appellee, and there was no consideration on the part of appellant to pay appellee a commission.

It becomes unnecessary to discuss the different assignments, because the testimony fails to show any liability on the part of appellant to pay any commission for the sale of the land. The authorities cited have no applicability to the facts of this case.

Our former opinion is withdrawn, the judgment of the county court is reversed, and judgment here rendered that, as to Herman Laux, appellee, W. C. Covington recover the sum of $227.50, together with 6 per cent. interest from November 15, 1920, date of judgment of court below, and that as to appellant, C. C. Abee, appellee recover nothing, and that appellee pay all costs in this behalf expended.

Reversed and rendered.